In the Matter of MORRIS KOPPELMAN et al., Petitioners, against SUNSET WINE CO., INC., et al., Respondents.

Supreme Court, Special Term, Kings County, September 8, 1943.

*Bernard Austin* for Sunset Wine Co., Inc., respondent.

*Eugene Zimmerman* and *James I. Cuff* for petitioners.

*Elvin N. Edwards* (*Monroe I. Katcher, II,* of counsel), for Members of the Liquor Authority of the State of New York, respondents.

F. E. JOHNSON, J. In 1941 the petitioners presented at Special Term, Part I, an application for an injunction, which is a remedy expressly granted by the Liquor Law; they sought to restrain respondent Sunset Wine Co., a wholesaler, from alleged violation of law to their detriment. An order was entered granting this relief: " ORDERED, ADJUDGED AND DECREED, that the respondent, Sunset Wine Co., Inc., its officers, agents and employees and all other persons acting under the control of the respondent, Sunset Wine Co. Inc., be and they hereby are permanently enjoined and restrained from selling wines at retail to any person not known to be a householder and/or from selling wines at retail without making delivery thereof at the homes of the purchasers."

Upon an appeal by that respondent the order was affirmed without opinion both in the Appellate Division and the Court of Appeals (263 App. Div. 872, affd. 289 N. Y. 704); it now applies to have the order " resettled " on two grounds: (1) that a prohibition against the sale of bottled liquor to a householder, unless it is delivered to his home, is not authorized by the statute and the provision in the order is contrary to the statute; (2) that compliance with that order has now been made illegal by a war regulation forbidding the delivery of such goods.

The Appellate Division had, in its report, stated that the order appealed from enjoined respondent from selling wine at retail without making delivery at the home of the purchaser, and respondent, in its brief in the Court of Appeals, stated that the question presented was whether it, the holder of a " winery license," when selling at retail, must deliver wine at the home of the purchasers. The presumption is that an affirmance without opinion is an approval of every part of the order appealed from, both in its discretionary and its legal aspects. It is not permitted that the Special Term should decide that, in spite of a question's being squarely presented in briefs, it was not passed upon upon appeal; therefore, out of deference to the presumed examination of this question upon appeal, it is not possible to say that this very question was not directly passed upon in both appeals. These unanimous affirmances close the question whether the statute, properly interpreted, does require delivery

at the purchaser's home and Special Term thereafter is without jurisdiction to modify the order and make a new decision that the statute does not require such delivery.

The matter is now in this court because the remittitur from the Court of Appeals has been made the judgment of this court, and since this is, in substance, if not in form, an equity action and this temporary decree is analogous to a final judgment, the control of its discretionary terms is always within the court's control.

There is, therefore, the remaining question of the power to modify the order, and to refuse to continue the injunction, and to relegate the respondent to an action at law for damages or for a penalty. It can safely be said that if the original motion had been heard when the war situation existed as it does today, an injunction would have been an abuse of discretion because such deliveries are now forbidden. Acting, therefore, under the continued jurisdiction to modify what, in effect, is an equity decree, the court can take judicial notice of the prohibition now existing against the use of transportation facilities for the delivery of liquor in bottles when individually purchased by a householder.

The temporary barrier to granting any relief, however, is the present status of the respondent; it has had no license for eight months past, and could not avail itself of the permission now sought, since the officials have shown no sign of permitting it to do business hereafter. The question of being properly enjoined is now academic; it could become real, and if the respondent can use the relief sought (vacating the injunction for the duration) that should be granted. Motion denied, without prejudice to renewal when this disability has been removed.