In the Matter of EMPIRE STATE WHOLESALE WINE DEALERS ASSOCIATION, INC., Petitioner, against STATE LIQUOR AUTHORITY et al., Respondents.

Supreme Court, Special Term, New York County, February 24, 1944.

*Samuel Masia* and *Archibald Palmer* for petitioner.

*Elvin N. Edwards* and *Monroe I. Katcher, II,* for respondents.

HECHT, J. On December 10, 1942, the State Liquor Authority mailed notices to wholesale wine dealers holding retail permits, advising them that the Court of Appeals had ruled that licensees making retail sales to purchasers " must know the purchaser to be a householder and must make delivery at the home of the purchaser." The Authority justifies this act on the basis of an order made by Mr. Justice JOHNSON in *Matter of Koppelman* v. *Sunset Wine Co., Inc.,* on June 5, 1941, at Special Term of the Supreme Court, Kings County. On appeal

this order was affirmed without opinion in the Appellate Division, Second Department (263 App. Div. 872) and also in the Court of Appeals (289 N. Y. 704).

On December 10, 1943, the Appellate Division of this department in *Matter of Esposito* v. *State Liquor Authority* (267 App. Div. 755) flatly held: " We find no provision of the Alcoholic Beverage Control Law which required the licensee to deliver wine which he had sold at retail to a purchaser's home. Consequently specifications 1 and 2 should not have been used by the State Liquor Authority as a basis of revocation." The determination of the Authority was affirmed on other grounds.

Examination of the briefs submitted to the Appellate Division in the above case indicates that the effect of the decision in the *Koppelman* case was argued by both parties to the appeal.

It is patent that the interpretation given by the Appellate Division to the affirmance of the *Koppelman* case by the Court of Appeals is at variance with that given to it on September 8, 1943, by Mr. Justice JOHNSON on a motion to resettle the order made by him therein (180 Misc. 812 ).

I have no alternative but to follow the determination of the Appellate Division of this department. Petitioner's motion is granted. Cross motion of respondent to dismiss petition is denied. Settle order.